IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | **No. 98-362-10** |
| **CARLOS IVAN LLERA-PLAZA.** | : | |

# O R D E R

**AND NOW**, this 7th day of April, 2014, upon consideration of the government's motion to dismiss defendant's motion under 28 U.S.C. § 2255 as untimely (Doc. No. 1139) and defendant's reply thereto (1140), it is hereby **ORDERED** that government's motion is **GRANTED** and the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. No. 1137) is **DISMISSED** as untimely under 28 U.S.C. § 2255(f).[1]

---

[1] On May 13, 2002, Defendant Carlos Ivan Llera-Plaza entered an open guilty plea to numerous charges, including conspiracy to distribute cocaine, murder for hire, violent crimes in aid of racketeering, and carrying a firearm during and in relation to crimes of violence. These charges related to four murders for hire committed during 1998 in Puerto Rico and Philadelphia by the defendant and his co-conspirators, in order to further the goals of a large drug operation tied to Philadelphia and Puerto Rico. That same day, the defendant was sentenced to the mandatory statutory term of life imprisonment plus 65 years; the government agreed to forego its request for the death penalty for the four murders. The defendant did not appeal, making the conviction and sentence final on June 3, 2002.

On March 8, 2013, the defendant filed this motion under 28 U.S.C. § 2255 to vacate his sentence for a Sixth Amendment violation of his right to effective assistance of counsel during his plea bargaining. He states that his counsel advised him not to take a twenty-five-year plea deal with the government because the statute of limitations had run on several of his indictment counts and because counsel advised him that he could negotiate a better plea. Subsequently, the defendant did not take the plea and was later told the plea had expired. Thereby, he entered his open plea, the only plea agreement available to him at that time.

The government then filed this motion to dismiss the defendant's motion as untimely under 28 U.S.C. § 2255(f)(1), which gives defendants one year from the date their convictions final. The defendant claims that his motion is timely under 28 U.S.C. § 2255(f)(3). This section gives defendants one year from the "date on which the right asserted was initially recognized by the Supreme Court" if the motion asserts a right that is both: 1) newly recognized by the Supreme Court, and 2) has been made "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). See Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005).

BY THE COURT:

/s/Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

The defendant argues that his motion is timely because it was filed within one year of the Supreme Court deciding Lafler v. Cooper, 132 S. Ct. 1376 (Mar. 21, 2012), and Missouri v. Frye, 132 S. Ct. 1399 (Mar. 21, 2012). He claims that in both of these cases the Supreme Court recognized new rights or rules which were made retroactive; he cites to Whorton v. Bockting, 549 U.S. 406 (2007), to support this assertion.

Neither Lafler nor Frye recognized new rights or rules; both cases addressed factual nuances under the existing Strickland rule, as they relate to a prisoner's right to effective counsel during plea bargaining. See, e.g., Campos v. Varano, No. 10–cv-4729, 2013 WL 1796972, at *1 n. 2 (E.D.Pa. Apr. 26, 2013)("[T]he Supreme Court did not announce a new rule of constitutional law in its Frye or Lafler decisions. Those cases merely applied the Sixth Amendment right to counsel to specific factual contexts.); Gallagher v. United States, 711 F.3d 315, 315-16 (2d Cir. 2013), In re King, 697 F.3d 1189 (5th Cir. 2012) (per curiam); Hare v. United States, 688 F.3d 878, 879-80 (7th Cir. 2012); Williams v. United States, 705 F.3d 293, 294 (8th Cir. 2013); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); In re Perez, 682 F.3d 930, 932 (11th Cir. 2012); Johnson v. United States, No. 7:11–cr–00053–JMC–3, 2013 WL 1401648, at *3 (D.S.C. Apr. 8, 2013); United States v. Ocampo, 919 F.Supp.2d 898, 915 (E.D.Mich. 2013); Bush v. United States, Nos. 1:02–cr–136, 1:12–cv–346, 2013 WL 309054, at *2-3 (E.D. Tenn. Jan. 25, 2013); Mills v. United States, No. 1:12cv139–MR, 2013 WL 178527, at *3  (W.D.N.C. Jan. 17, 2013); United States v. Williams, Nos. 98 Cr. 834(JFK), 12 Civ. 4800(JFK), 2013 WL 139635, at *2 (S.D.N.Y. Jan. 11, 2013); United States v. Howard, No. 7:12CV80518, 2012 WL 5986963, at *2 (W.D.Va. Nov. 29, 2012).

Frye held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 132 S. Ct. at 1408. A failure to communicate an offer could establish prejudice under Strickland. Id. at 1411. Lafler further explained that ineffective assistance of counsel as to a plea offer can establish prejudice under Strickland if the loss of the plea opportunity resulted in a conviction at trial on more serious charges or the imposition of a more severe sentence. Lafler, 132 S. Ct. at 1387.

Prior to Lafler and Frye, the Court had already recognized that a prisoner's guilty plea could be invalidated under Strickland "because counsel had provided incorrect advice pertinent to the plea." Id. at 1406 (discussing Hill v. Lockhart, 474 U.S. 52 (1985)). In addition, the Supreme Court has explained that "garden-variety applications of the test in Strickland v. Washington for assessing claims of ineffective assistance of counsel do not produce new rules." Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013).

Even if Lafler and Frye had recognized some new rule, there is no indication that these rules could be retroactively applied under § 2255(f)(3). See Whorton v. Bockting, 549 U.S. 406, 418-21 (2007)(explaining how a new rule must be monumental—like that of  Gideon v. Wainwright—to be eligible to be made retroactive under Teague).

The defendant filed his motion almost ten years after his conviction became final. His claim of ineffective assistance of counsel at the plea bargaining stage was one that had been recognized at the time of his conviction. See Hill v. Lockhart, 474 U.S. 52 (1985); United States ex rel. Caruso v. Zelinsky, 689 F.2d 435, 438 (3d Cir. 1982). There was nothing that would have prevented the defendant from bringing this claim within § 2255(f)(1)'s one-year statute of limitations. Therefore, the defendant's motion must be dismissed as untimely.